■ In the Matter of AIU INSURANCE COMPANY, Appellant, v MARIA RODRIGUEZ et al., Respondents, et al., Respondents. [755 NYS2d 390] —Order, Supreme Court, New York County (Betty Owen Stinson, J.), entered October 22, 2001, which granted petitioner's application to permanently stay arbitration to the extent of temporarily staying arbitration and directing a framed issue hearing as to insurance coverage, unanimously affirmed, without costs.

Petitioner AIU Insurance Company issued a policy of insurance covering the vehicle owned and operated by respondent Maria Rodriguez, which was struck from behind by a Ford Econoline van while stopped at a red light. Although its operator left the scene of the accident, the van was identified as belonging to nonparty RCTR, Inc. (also identified as Ryder TRS, Inc.). Additional respondent Specialty National Insurance Company issued liability protection to Ryder TRS, Inc. but disclaimed coverage of the van's operator, stating that coverage under its policy, if "owed at all, would be excess over your own personal automobile insurance."

We note that petitioner stated in its reply affirmation that it "has no objection in allowing the Court to grant a temporary stay in this matter pending a framed issue hearing as to whether coverage was afforded to the RCTR, Inc. vehicle at the time of the occurrence in question." Having consented to submit the question of insurance coverage for the van to the framed issue hearing before Supreme Court, petitioner may not raise the issue here.

The rental agreement is not contained in the record, and the identity of the party who rented the van is unclear. In any event, petitioner has not established that the Leah Goldstein implicated in the rental is the same person identified in a record from the Department of Motor Vehicles as having a policy of insurance in effect at the time of the accident.

Finally, petitioner has not included a copy of its insurance policy in the record. Therefore, the question of coverage provided to respondents by this policy is appropriately consigned to the framed issue hearing directed by Supreme Court. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Marlow, JJ.